## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHNNY COLÓN GONZÁLEZ** | CASE NO.: |
| Plaintiff, | CIVIL ACTION |
| v. | VIOLATION OF CONSTITUTIONAL RIGHTS<br>(42 U.S.C. 1983) |
| **HON. CARLOS ÁLVAREZ GONZÁLEZ,** in his personal and official Capacity as past President of the Municipal Legislature and present Legislator; **HON. CARLOS MARTÍNEZ PÉREZ,** in his official capacity as President of the Legislature of the City of Guaynabo; **HON. JAVIER CAPESTANY FIGUEROA**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. ANTONIO O'NEILL CANCEL**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. LILLIANA VEGA GONZÁLEZ**, in her official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. JORGE MARQUINA**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. LUIS C. MALDONADO PADILLA**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. AIDA M. MÁRQUEZ IBÁÑEZ**, in her official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. GUILLERMO URBINA MACHUCA**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. CARMEN BÁEZ PAGÁN**, in her official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. CARLOS M. SANTOS OTERO**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. NATALIA ROSADO LEBRÓN**, in her official capacity as Legislator of the Legislature of the City of | DECLARATORY RELIEF<br><br>INJUNCTIVE RELIEF<br><br>**TRIAL BY JURY DEMANDED** |

Guaynabo; **HON. MIGUEL A. NEGRÓN RIVERA**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HECTOR M. LANDRAU CLEMENTE**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. ÁNGEL O'NEILL PÉREZ**, in his official capacity as Legislator of the Legislature of the City of Guaynabo; **HON. ALEXANDRA RODRIGUEZ BURGOS**, in her official capacity as Legislator of the Legislature of the City of Guaynabo; **GIOVANI MERCADO REYES,** in his official capacity as Director of Human Resources of the City of Guaynabo**;** and **JANE DOE**; and **JOHN DOE,** as yet unidentified persons responsible for civil rights violations against Plaintiff.

*Defendants.*

# COMPLAINT

**TO THE HONORABLE COURT**:

1. Plaintiff **JOHNNY COLÓN GONZÁLEZ** hereby files this Complaint for economic, compensatory and punitive damages, and for declaratory, injunctive and equitable relief, against Defendants, **CARLOS ÁLVAREZ GONZÁLEZ,** in his personal capacity and his official capacity as Past President of the Municipal Legislature and present Legislator; **CARLOS MARTÍNEZ PÉREZ ,** in his official capacity as President of the Municipal Legislature; **GIOVANI MERCADO REYES,** in his official capacity as Director of Human Resources of the City of Guaynabo; all Municipal Legislators in their official capacity: **HON. JAVIER CAPESTANY FIGUEROA; HON. ANTONIO O'NEILL CANCEL**; **HON.**

LILLIANA VEGA GONZÁLEZ; HON. JORGE MARQUINA; HON. LUIS C. MALDONADO PADILLA; HON. AIDA M. MÁRQUEZ IBÁÑEZ; HON. GUILLERMO URBINA MACHUCA; HON. CARMEN BÁEZ PAGÁN; HON. CARLOS M. SANTOS OTERO; HON. NATALIA ROSADO LEBRÓN; HON. MIGUEL A. NEGRÓN RIVERA; HECTOR M. LANDRAU CLEMENTE; HON. ÁNGEL O'NEILL PÉREZ; HON. ALEXANDRA RODRIGUEZ BURGOS; and JANE DOE; and JOHN DOE unknown Defendants at this moment responsible for civil rights violations

## I.    INTRODUCTION

This is a civil action filed by **JOHNNY COLÓN GONZÁLEZ ("COLÓN GONZÁLEZ ")** who seeks redress for blatant, politically motivated adverse employment actions taken against him in violation of federal and local law.

1. This complaint is part of the aftermath of the power struggle between former Guaynabo mayor, Héctor O'Neill García ( O'Neill García ) and current mayor Ángel Pérez Otero (Pérez Otero ).  As it is well known in the news, there was internal conflict at Guaynabo's City Hall as it became public a settlement that former mayor O'Neill García  paid to a city employee to end a sexual harassment complaint at the EEOC. As pressure for the resignation of former major O'Neill García  mounted the where two factions on the New Progressive Party in Guaynabo, those who wanted O'Neill García  to stay and those who wanted the embattled mayor to leave.  As it will be alleged in this complaint, that's when the seeds of the political persecution against Plaintiff **COLÓN GONZÁLEZ** by Defendant, **CARLOS ÁLVAREZ GONZÁLEZ ("ÁLVAREZ GONZÁLEZ ")** were sawn.  After O'NEILL GARCÍA'S departure the two factions involved in the conflict at Guaynabo's New Progressive Party became the

side that supports current mayor Angel Pérez and those who oppose him. Unfortunately for Plaintiff **COLÓN GONZÁLEZ** the conflict between him and his then supervisor, Defendant, **ALVAREZ GONZÁLEZ** continued because Plaintiff supported Mayor Perez' public policy and Defendant, **ÁLVAREZ GONZÁLEZ** opposed mayor Pérez' public policies[1]. As is alleged in this complaint because Plaintiff, **COLÓN GONZÁLEZ** open support to Mayor Perez Otero Defendant **ALVAREZ GONZÁLEZ** illegally deprived him of his duties and pay at Guaynabo's Municipal Legislature.

2. Because of this discriminatory deprivation of functions and pay, Plaintiff **COLÓN GONZÁLEZ** alleges violations under the First and Fourteenth Amendment of the United States Constitution, as well as under the laws and Constitution of the Commonwealth of Puerto Rico, in particular, Sections 1, 2, 4, 6 and 7 of Article II of the Constitution of Puerto Rico, and Articles 1802 and 1803 of the Civil Code §§5141 and 5142 of Title 31 of the Puerto Rico Laws Annotated. The present cause is a civil action seeking compensatory and pecuniary damages; declaratory judgment and injunctive relief against the Defendants mentioned above, for violations of Plaintiff's natural, basic and fundamental constitutional rights of liberty, property and the pursue of happiness. Defendants committed acts under color of state law, which deprived Plaintiff of secured rights under both the Constitution and Laws of the United States and of the Commonwealth of Puerto Rico; for conspiring to deprive Plaintiff' of due process of law, with intent to deny Plaintiff of equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials.

---

[1] Plaintiff Colon Gonzalez was told by Defendant Alvarez Gonzales own father that defendant Alvarez González was mulling a primary challenge to mayor Perez Otero.

## II.    JURISDICTION AND VENUE

2. This District Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this is a civil action brought under the laws and the Constitution of the United States.

3. This Court also has supplemental jurisdiction over all claims arising under the laws and the Constitution of the Commonwealth of Puerto Rico pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391. All parties reside in Puerto Rico, and a substantial part of the acts, events and/or omissions giving rise to the Plaintiffs' claims occurred in Puerto Rico.

5. That the present cause of action is being filed pursuant to 42 U.S.C. 1983[2]-- and its jurisdictional counterparts 28 U.S.C. 1343 (a)(3) and 28 U.S.C. 1331. Also, the present cause of action is filed under the First Amendment (Free Speech and Association rights) and Fourteenth Amendments[3] (Due Process and Equal Protection of the Law)-- -- (of the Constitution of the United States; and on the basis of *Elrod v. Burns*, 457 US 347 (1976)(public employees are protected from dismissal for political discrimination of the Constitution of the United States;

---

[2] § 1983. Civil action for deprivation of rights: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[3] The Fourteenth Amendment provides that no state "shall... deprive any person of life, liberty or property, without due process of law...". US Constitution, Amendment XIV.

Loudermill v. Cleveland, 470 U.S. 532 (1985) (employees are entitled to due process rights); Monroe v. Pope, 365 U.S. (about administrative remedies[5] ), Elrod V. Burns, 427 U.S. 347[6] about the protection of the First Amendment, Mount Healthy City School District Board of Education v. Doyle, 429 US 274 (1977) about non-qualified immunity; Bart v Telford, 677 F.2d 622 about political discrimination acts; and Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57.[7]

6. This Court's supplemental jurisdiction is also invoked to entertain Plaintiff Colón González causes of action pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to him by the tortuous acts and omissions of the Defendants which were

---

[5] Monroe v. Pope, 365 U.S. 167,81 S. Ct. 473, 5 L.Ed. 492 (1961): It settled that a Plaintiff does not have to exhaust or pursue state remedies before filing in the federal forum.

[6] Elrod v. Burns, 427 U.S. 347: Political belief and association constitute the core of those activities protected by the U.S. Const. amend. I. No official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein. And, though freedom of belief is central, the First Amendment protects political association as well as political expression. Freedom to associate with others for the common advancement of political beliefs and ideas is a form of "orderly group activity" protected by the First and Fourteenth Amendments. The right to associate with the political party of one's choice is an integral part of this basic constitutional freedom.

[7] The Rutan Case is based in part on Bart v. Telford, 677 F.2d 622 where it was established that: "having lost the race, the mayor … orchestrated a campaign of petty harassments designed to punish her for having run for public office, and the other Defendant participated in this campaign. The campaign included such things as baseless reprimands and "Holding her up to ridicule for bringing a birthday cake to the office on the occasion of the birthday of another employee although the practice was common and was especially favored in the case of supervisory personnel." "... The effect on freedom of speech may be small, but since there is no justification for harassing people for exercising their constitutional rights it need not be great in order to be actionable. Yet even in the field of constitutional torts *de minimis non curat lex.* Section 1983 is a tort statute. A tort to be actionable requires injury. It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise-that if the Mayor of Springfield had frowned at Miss Bart for running for public office he would be liable for damages (improvable, of course) under section 1983. -------- However, more is alleged here-an entire campaign of harassment, which though trivial in detail may have been substantial in gross. It is a question of fact whether the campaign reached the threshold of action ability under section 1983."

the proximate cause of his emotional stress and mental anguish as well as the anxiety caused to him by Defendants by the discriminatory actions to which the Plaintiff was subjected. Also, supplemental jurisdiction is invoked to entertain Plaintiff Colón González causes of action pursuant to Puerto Rico Law No. 100 of June 30, 1959, 29 LPRA § 146, as amended by Law No. 105 of December 20, 1991; Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain his complaint as provided by 28 USC 1367, also pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA 513 et seq; or existence of a federal question, pursuant to 28 USC § 1332 (a)(l). Furthermore, Supplemental Jurisdiction of this Honorable Court is invoked to hear and adjudicate the claims arising under Puerto Rico laws pursuant to 28 USC § 1367.

7. A jury trial is demanded.

### III.    THE PARTIES

**A.  PLAINTIFF**

8. Plaintiff **JOHNNY COLÓN GONZÁLEZ** ("**COLÓN GONZÁLEZ**") had worked as Secretary of the Municipal Legislature of the City of Guaynabo since December 14 of 2018. On May 24, 2018[8] Defendant **ÁLVAREZ GONZÁLEZ** surprisingly, without any provocation or notice **,** deprived him of duties and pay before the end term of his term as the Municipal Legislature's Secretary because Plaintiff exercised his First Amendment rights and had engaged in activity protected by the First Amendment (by openly supporting mayor Angel Perez political and

---

[8] When Plaintiff was 65 years old.

administrative agenda) or because he was perceived as a political adversary and/or enemy. **COLÓN GONZÁLEZ** as the Secretary performed routine and clerical functions that have no impact on public policy. Party affiliation is not an appropriate requirement for such position. **COLÓN GONZÁLEZ** excelled in the performance of his duties putting up to date a two years backlog of minutes of the municipal legislature.  This achievement earned **Colón González** praise, commendations and recognition from several municipal legislators.   After **COLÓN GONZÁLEZ**  was deprived of his duties and pay, Defendant Alvarez appointed an interim secretary much younger than Plaintiff.  **COLÓN GONZÁLEZ** is a citizen of the United States, is affiliated to the New Progressive Party, and currently resides in San Juan, Puerto Rico.

## B.  DEFENDANTS

9.  **CARLOS ÁLVAREZ GONZÁLEZ** in his personal and official Capacity as past President of the Municipal Legislature and currently a Municipal legislator:

   a. On or around August 19, 2018, **ÁLVAREZ GONZÁLEZ** was sworn in to the position of President of the Municipal Legislature.

   b. Soon after assuming the presidency of the municipal legislature, **ÁLVAREZ GONZÁLEZ** began boycotting Mayor Angel Perez Otero agenda by opposing the draft ordinances and resolutions that Perez submitted to the municipal legislature for approval.

   c.  As past President of the Municipal Legislature of Guaynabo City, **ÁLVAREZ GONZÁLEZ** participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint.

d. Defendant **ÁLVAREZ GONZÁLEZ** on May 24, 2018 illegally deprived Plaintiff **COLÓN GONZÁLEZ** of his duties and pay as the Secretary of Guaynabo City Municipal Legislature because Plaintiff's open support of mayor Angel Perez administrative and political agenda.

e. At all times relevant and material hereto **ÁLVAREZ GONZÁLEZ** was acting under color of state law.

f. Defendant **ÁLVAREZ GONZÁLEZ** is sued in this action in his official, as past President and present member of the Municipal Legislature of the City of Guaynabo as well as in his personal capacity. As **COLÓN GONZÁLEZ** supervisor **ÁLVAREZ GONZÁLEZ** is considered as an employer under Law 100, of June 30, 1959, 29 LPRA 146 as amended by Law No. 105 of December 20, 1991

10. Defendant **GIOVANI MERCADO REYES (MERCADO REYES)** is the Director of Human Resources of the City of Guaynabo; at all times relevant and material to this action.

a. As the Director of Human Resources, **MERCADO REYES** participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint. As Director of Human Services was obligated to follow the law.

b. Defendant Mercado Reyes ceased paying **COLÓN GONZÁLEZ** his salary as the Municipal Legislature Secretary even though **ÁLVAREZ GONZÁLEZ** deprived **COLÓN GONZÁLEZ** of his salary and fringe benefits without following the due process of law, nor the procedure require by the municipal legislature's own regulations.

   c. At all times relevant and material hereto **MERCADO REYES** was acting in coordination with **ÁLVAREZ GONZÁLEZ and** under color of state law.

   d. **MERCADO REYES** is sued in this action in his official capacity, as Director of Human Resources Office of the City of Guaynabo.

11. **CARLOS MARTÍNEZ PÉREZ ("MARTÍNEZ PÉREZ")** in his official capacity as President of the Municipal Legislature of the City of Guaynabo;

   a. As a consequence of dissatisfaction with **ÁLVAREZ GONZÁLEZ[9],** on or around August 19, 2018, **MARTÍNEZ PÉREZ** was sworn into the position of President of the Municipal Legislature of the City of Guaynabo under Mayor Pérez Otero.

   b. **MARTÍNEZ PÉREZ** was aware of the illegal, discriminatory and unconstitutional actions that **ÁLVAREZ GONZÁLEZ** took against Plaintiff **COLÓN GONZÁLEZ** and once he became the president of the Municipal Legislature he refused to reinstate **COLÓN GONZÁLEZ** nor terminate him according to Guaynabo's Legislature's own regulations, thus continuing and perpetuating those illegal actions**.**

   c. Therefore, as President of the Municipal Legislature, he has acted against Plaintiff's statutory and constitutional rights by not performing his functions as required by law. In doing so **MARTÍNEZ PÉREZ,** as well as all Defendants, participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint.

   d. At all times relevant and material hereto **MARTÍNEZ PÉREZ** was acting under color of state law.

---

[9] Due in part to his illegal and discriminatory actions against Colón González.

e. **MARTÍNEZ PÉREZ** is sued in this action in his official capacity, as President of the Municipal Legislature of the City of Guaynabo.

f. Instead of reinstating **COLÓN GONZÁLEZ** nor terminating him according to Guaynabo's Legislature own regulations, on or around January 31, 2019 **MARTÍNEZ PÉREZ,** as President convened,  a meeting of the Municipal Legislature and its fact finding Special Committee to gather all pertinent information as to Plaintiffs' claims and to make recommendations.  To the date of the filing of this complaint the Municipal Legislature has not taken a position on his matter.

12. **HON. JAVIER CAPESTANY FIGUEROA**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

13. **HON. ANTONIO O'NEILL CANCEL**, is sued n his official capacity as Legislator of the Legislature of the City of Guaynabo;

14. **HON. LILLIANA VEGA GONZÁLEZ**, is sued in her official capacity as Legislator of the Legislature of the City of Guaynabo;

15. **HON. JORGE MARQUINA**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo.

16. **HON. LUIS C. MALDONADO PADILLA**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

17. **HON. AIDA M. MÁRQUEZ IBÁÑEZ**, is sued in her official capacity as Legislator of the Legislature of the City of Guaynabo;

18. **HON. GUILLERMO URBINA MACHUCA**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

19. **HON. CARMEN BÁEZ PAGÁN**, is sued in her official capacity as Legislator of the Legislature of the City of Guaynabo;

20. **HON. CARLOS M. SANTOS OTERO**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

21. **HON. NATALIA ROSADO LEBRÓN**, is sued in her official capacity as Legislator of the Legislature of the City of Guaynabo;

22. **HON. MIGUEL A. NEGRÓN RIVERA**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

23. **HECTOR M. LANDRAU CLEMENTE**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

24. **HON. ÁNGEL O'NEILL PÉREZ**, is sued in his official capacity as Legislator of the Legislature of the City of Guaynabo;

25. **HON. ALEXANDRA RODRIGUEZ BURGOS**, is sued in her official capacity as Legislator of the Legislature of the City of Guaynabo;

   a. All codefendants, paragraphs 12 to 25, where aware of the illegal, discriminatory and unconstitutional actions that **ÁLVAREZ GONZÁLEZ** took against Plaintiff **COLÓN GONZÁLEZ** refusing to reinstate **COLÓN GONZÁLEZ** nor terminate him according to Guaynabo's Legislature own regulations, thus continuing and perpetuating those illegal actions.

   b. Therefore, as Legislators, individuality and collectively, they acted against Plaintiff's statutory and constitutional rights by not performing his/her functions as required by law. In doing so all codefendants, participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint.

   c. At all times relevant and material hereto all codefendants, identified in paragraphs 12 to 25, were acting under color of state law.

-12-

d. All codefendants, identified in paragraphs 12 to 25, are sued in this action in his/her official capacity, as Legislator of the Municipal Legislature of the City of Guaynabo

## IV FACTUAL ALLEGATIONS

26. On December 14, 2017, PLAINTIFF **JOHNNY COLÓN GONZÁLEZ** was appointed as Secretary of the Municipal Legislature of Guaynabo, by its then President, DEFENDANT **CARLOS J. ÁLVAREZ GONZÁLEZ,** with the advice and consent of the Municipal Legislature.

27. In his appointment letter PLAINTIFF **JOHNNY COLÓN GONZÁLEZ** was informed in his appointment letter that "you will earn a salary of $ 5,215.00 per month equivalent to seven hours a day". This appointment was made in accordance with the Autonomous Municipalities Law and the Municipal Legislature Regulations.  This appointment required the advice and consent of the Municipal Legislature of Guaynabo which they did.

28. As alleged in the introduction, various situations that came up in his tenure as Secretary PLAINTIFF **JOHNNY COLÓN GONZÁLEZ** would take the position that was favorable to the Mayor **PÉREZ OTERO** and his administration. Defendant **CARLOS J. ÁLVAREZ GONZÁLEZ** resented this because he is a political adversary Mayor Perez Otero. Examples of these were the following:

a. Defendant **ÁLVAREZ GONZÁLEZ**  was upset and disturbed with Plaintiff's **COLÓN GONZÁLEZ** openness and friendly conversations with **GEOVANNI MERCADO REYES** the then Director of the Municipality of Guaynabo 's Legal Department.

b. As part of belonging to former Mayor O'Neil' Garcia's faction and as part of his own ambitions for Guaynabo City mayor position., Defendant **ÁLVAREZ GONZÁLEZ'** discontent with Mayor Angel Perez Otero grew more and more.  Getting to the point that he began blocking the draft resolutions and draft ordinances submitted to the municipal legislature by Mayor Perez.  As an example of such boycotting, is Defendant **ÁLVAREZ GONZÁLEZ**  obstruction of a Resolution allowing the Administration to receive as a donation of an emergency vehicle to benefit the municipal emergency management office during the relief efforts after Hurricane Maria.

c. On or about Spring 2018 Defendant **ÁLVAREZ GONZÁLEZ**  got irritated with Plaintiff **Colón González** when told that he had met Jorge Davila Torres, an advisor and consultant to the Office of Mayor Pérez Otero, in front of the Municipal Building.

d. In an attempt to mend the relationship between Mayor Pérez Otero and Defendant **ÁLVAREZ GONZÁLEZ**. Jorge Davila Torres visited Defendant **ÁLVAREZ GONZÁLEZ'** immediate supervisor, Aldo Rodríguez Morales, Customer Service Director at PREPA.   After finding out about such meeting Defendant **ÁLVAREZ GONZÁLEZ** was extremely upset with Plaintiff **COLÓN GONZÁLEZ** .

e. Trying to further the agenda of the city, Plaintiff **COLÓN GONZÁLEZ**  met during working hours with executive functionaries of Guaynabo City Hall. When Defendant **ÁLVAREZ GONZÁLEZ** found out about those meetings, his distrust with staffers, legislators and Plaintiff **COLÓN GONZÁLEZ** grew to the point that he would not allow cellular phones during caucuses

-14-

prior to or during consideration of legislative bills or resolutions. In addition, he requested Plaintiff **COLÓN GONZÁLEZ** to arrange with a former U.S. Marshall to scan all Municipal Legislature offices for hidden electronic devices.

f. Defendant **ÁLVAREZ GONZÁLEZ** anger and discontent was evident when the Municipal Legislature's legal counsel and **Plaintiff Colón González** would take positions or arguments that would benefit Mayor Pérez Otero administration. As an instance of Defendant **ALVAREZ GONZÁLEZ** retaliatory actions against Plaintiff **COLÓN GONZÁLEZ** was when he imposed a dress code on him.

29. As it was confided by Defendant **CARLOS J. ÁLVAREZ GONZÁLEZ** own father to Plaintiff **COLÓN GONZÁLEZ , ÁLVAREZ GONZÁLEZ** was at the time mulling a possible future internal primary challenge of the Mayor Pérez Otero**.**

30. On May 24, 2018, **PLAINTIFF COLON-GONZÁLEZ**, in political retaliation, received a letter from Defendant **CARLOS J. ÁLVAREZ GONZÁLEZ** , informing him that effective May 24, 2018, he "ceases his functions as Secretary of the Legislature"[10]. Prior to the date of the letter, he never received a complaint, grievance, or any indication that his performance of his duties as Secretary of the Municipal Legislature were unsatisfactory, quite the contrary, Plaintiff **COLÓN GONZÁLEZ** 's work was praised by several municipal legislators on his handling a two year back log of the minutes of the legislature's proceedings that was pending when he was recruited; he got them up to date.

---

[10] Illegally depriving Plaintiff Colon Gonzalez of his duties and pay since defendant Alvarez did not have the authority to dismiss Guaynabo City Municipal Legislature Secretary. Only Guaynabo City Municipal Legislature as a whole has such authority.

31. On May 29, 2018 plaintiff **JOHNNY COLÓN GONZÁLEZ,** answered Defendant's **ÁLVAREZ GONZÁLEZ** letter and acknowledged receipt of Defendant's letter, and claimed violation of his civil rights and requested compliance with the Law. Plaintiff also requested a hearing before the Legislature, and that reasons for its "termination" be provided.

32. The before mentioned letter complies with, the Puerto Rico Autonomous Municipalities Act, as amended in its Article 5.010, dictates that "the Secretary shall be appointed by the President with **the advice and consent of the Legislature** and **shall respond solely to it**."

33. Guaynabo's Municipal Legislature Internal Regulation, approved by Resolution No. 19, Series 2016-2017 on February 28, 2017 establishes the process that must be followed for the separation and dismissal of the Secretary of the Municipal Legislature. Article 5.012 states that "if the President of the Legislature understands that there are causes to separate or dismiss the Secretary of the same, the President must **notify the Secretary in writing, by registered mail with acknowledgment of receipt of the grounds for that such determination be made**. Once he is notified he may, no later than five (5) days from the date on which he receives it, request a hearing before the Municipal Legislature. following the date on which he receives the notification, answering it if he deems it necessary, The letter should notify the Secretary of his right to be heard in executive session by the Legislature, **The Legislature once has heard the Secretary, will issue a decision, which will come final and firm unless in the non-extendable term of ten (10) days counted to from the date of receipt of the aforementioned notification,** the Secretary shall show cause why the decision of the Legislature shall be rendered null and void. (Emphasis supplied)

34. On June 1, 2018 Defendant **ÁLVAREZ GONZÁLEZ**, answered Plaintiff **COLÓN GONZÁLEZ** wrote a letter in which he accused of him "of an erroneous interpretation of the law" and that Article 5,010 of the Autonomous Municipalities of Puerto Rico Act " **in his case was not applicable**. " In addition, he "repudiates the allegation of harassment and pressure" on his part with respect to our client. (Emphasis supplied)

35. A summary analysis of the applicable statutes and regulations, Autonomous Municipality Law, Act No. 81 of August 30, 1991, as amended, Municipal Legislature Regulation, Federal Civil Rights Act 42 U.S.C.S. § 1983, and Law number 100 of June 30, 1959 as amended, among others. Plaintiff **COLÓN-GONZÁLEZ** had his rights to due process and freedom of expression violated. As already mentioned herein, the Puerto Rico Autonomous Municipalities Act establishes that the President will make the appointment of the Secretary with the advice and consent of the Municipal Legislature. The Regulations of the Municipal Legislature establishes that once the Secretary has been appointed, he "**will respond**" to the latter in carrying out his functions. The termination of the appointment of the Secretary requires that the Municipal Legislature, prior to the hearing, make the termination, since the Secretary responds to them in the performance of his functions. It is an indisputable fact then that the termination of the appointment was contrary to the clear letter of the law and regulation, not subject to interpretation.

36. By not complying with the formalities of the law, the dismissal was null and inofficiously, so Plaintiff **COLÓN GONZÁLEZ** was not separated from his position as Secretary. So much so, and in recognition of this fact, is that he has not been

made a settlement of their salaries and fringe benefits to which he is entitled by law.

37. Termination of employment of the Secretary requires cause according to Law. [11]

38. In a communication dated July 10, 2018, **MARTÍNEZ PÉREZ,** then Municipal Legislator**,** addressed Defendant **ÁLVAREZ GONZÁLEZ** entitled Request for Opinion on Legality of the Letter of Termination of Functions sent to the Secretary of the Municipal Legislature of Guaynabo and Other Matters requesting guidance on legal authority for his dismissal. This was not answered. The illegal and discriminatory actions of Defendant **ÁLVAREZ GONZÁLEZ**, violated the civil rights of Plaintiff **COLÓN GONZÁLEZ.**

39. Defendant**. ÁLVAREZ GONZÁLEZ** reprisal violates the right of due process and freedom of expression of Plaintiff **COLÓN GONZÁLEZ** and his enjoyment of his civil rights The discriminatory actions of Defendant **ÁLVAREZ GONZÁLEZ** constitute that he manifested in a pattern of harassment and pressure against our client and "terminated" or tried to terminate his employment as Secretary of the Municipal Legislature without cause.

40. All the Defendants have not complied to the Law and its own Regulations.

---

[11] 21 LPRA § 4212.  Secretary — **Causes of dismissal** (Article 5,012) the voluntary omission by the Secretary of the Legislature to notify the President of the central or local governing body of a political party, in the cases and terms that are available in this subtitle, on Any vacancy in the position of mayor or municipal legislator shall constitute an administrative and **fair cause for separation and dismissal of the public office**. It shall also constitute **sufficient cause** for the dismissal of the Secretary, the breach by him of his obligation to lift, maintain, guard and compile the minutes of legislative proceedings of the Legislature in the manner set out in this subtitle. The Secretary may also be separated from the charge for failing to intentionally send the mayor a certified copy of the resolutions on internal agreements of the Legislature, as provided in this subtitle and any other document, instance or matter That, by provision of this sub-title or any other law, such official is obliged to present, submit or notify the mayor or any other public authority. The Rules of procedure for the internal functioning of the Legislature shall provide for the separation or removal of the Secretary of the Legislature. History.  — August 30, 1991, No. 81, art. 5,012; August 6, 2017, Num. 81, Sec. 13.

41. The position as Secretary of the Municipal Legislature of Guaynabo is *created* by law and is recognized due process rights. Once appointed and confirmed by the Municipal Legislature the termination of the appointment of the Secretary requires that the Municipal Legislature, prior to the hearing, make the termination, since the Secretary responds to them in the performance of his functions. Plaintiff had a right to a hearing before the Municipal Legislature, a resolution on its merit of the determination and right to appeal his case before the courts. All were denied by all the Defendants and particularly Defendant **ÁLVAREZ GONZÁLEZ**

42. Plaintiff worked in position , as Secretary, and carried out functions for which political affiliation is not an appropriate requirement, and he had never received a negative evaluation as to his work performance. Functions in its nature clerical and not policy determination. [12]

---

[12] 21 LPRA § 4211.  Secretary — Duties (Article 5,011) the Secretary **may take sworn oaths and affidavits** on matters relating to the duties and responsibilities of his office and shall keep a record of the affidavits he has subscribed to. In addition to any other disposed in this subtitle or other laws, the Secretary of the Legislature shall have the following duties: (a) Act as Secretary of the Minutes of the Legislature and attest to the acts thereof.   (b) **Ensure that municipal legislators are duly quoted** to the sessions of the Legislature, to the meetings of the commissions and to any other act or meeting thereof.   (c) **Certify the establishment of the draft Ordinances and resolutions**, reports and other documents submitted or submitted to the Legislature.   (d) **Keep the Legislature and its President informed of all the parcels assigned to it and the ones that are imposed by this subtitle**.   (e) **Notify the local governing body of the political party that it corresponds to any vacanc**y arising in the Legislature or in the office of mayor.  (f) **Notify the President of the Party concerned of the existence of a vacancy** in the Legislature or in the office of mayor when the local governing body of the political party to which it corresponds does not act on it in the manner set out in this subtitle.   (g) **Reproducing and making publicly available, duly certified, municipal ordinances** imposing penal penalties and administrative fines may require payment of the amount available by resolution to recover the cost of Reproduction of the same. (h) Retain the originals of the Ordinances and resolutions signed by the President of the Legislature and the mayor, or by the first one only when it comes to resolutions on internal agreements of the Legislature. At the end of each fiscal year, it will form a separate volume of the originals of the resolutions and ordinances approved and in force during the corresponding fiscal year, duly bound and with its corresponding index. The Legislature shall authorize the reproduction and sale of such volume at a fair and reasonable price, which shall not exceed its cost of preparation and reproduction. Every citizen shall have the right to obtain copies of the resolutions and ordinances upon written request and the payment of the corresponding rights which shall be established by the Legislature by resolution.   (i) certify and remit to the Municipal court and the municipalities where there is no Municipal court, to the corresponding district Court, a copy of the municipal ordinances containing penal penalties and their amendments.   (j) to guard the books of minutes, the oaths of the municipal legislators and all other documents pertaining to the archives of the Legislature.   (k**) to receive from the mayor the draft resolution of the general budget of expenses** of the municipality and to give it to the municipal legislators no later than the beginning of the session in which it is going to be

43. Plaintiff **COLÓN GONZÁLEZ** accordingly allege violations under the First Amendment and Fourteenth of the United States Constitution, as well as under the laws and Constitution of the Commonwealth of Puerto Rico, in particular, Sections 1, 2, 4, 6 and 7 of Article II of the Constitution of Puerto Rico, and Articles 1802 and 1803 of the Civil Code §§5141 and 5142 of Title 31 of the Puerto Rico Laws Annotated. (Act 100)

44. The discriminatory and retaliatory actions mentioned above – i.e. the illegal deprivation of duties and pay, in the alternative, the illegal termination or the intent to illegally terminate Plaintiff's employment – was because of the Plaintiffs' political identification with the Mayor political and administrative agenda , his exercise of First Amendment rights, and his engagement in activities protected by the First Amendment – including the right to vote, the right to speak out on and participate in political and public policy matters and/or in political campaigns on behalf of individual candidates who share their political beliefs or affiliations, and the right of political association – and/or because he was perceived by Defendant **ÁLVAREZ GONZÁLEZ** as political adversary and/or enemy.

45. Defendants not only acted individually to deprive Plaintiff of his Federal Constitutional rights, but they also acted in a joint and conspiratorial

---

considered. (l) **Supervise all personnel assigned to the Legislature**.  (m) **certify the attendance of the municipal legislators** to the sessions of the Legislature in full and to the meetings of the commissions of the same.  (n) to carry out the necessary and appropriate arrangements for the orderly transfer of all documents, books, records, property and others of the Legislature in any general election year. When the secretary of the Legislature refuses to comply with the obligation imposed here, an extraordinary remedy of mandamus may be invoked to compel compliance.  (o) Perform any other duties, functions and responsibilities imposed by law or delegated to it by the Legislature or its president.  (p) **Refer the subpoena to the Legislature to the municipal legislators at least twenty-four (24) hours before they are in compliance with their ministerial duty** and with the provisions of the SEC. 4165 of this subtitle. History.  — August 30, 1991, No. 81, art. 5,011; October 29, 1992, Num. 84, Sec. 21 April 13, 1995, Num. 36, Sec. 22.

manner. They all, participated in, directed, executed, authorized and/or condoned the adverse employment actions giving rise to this Complaint

46. Defendants were directly involved in the deprivation of pay and duties and in the alternative the illegal termination of Plaintiff, including by being the effective decision maker, executor, or a willful participant absent whom the adverse employment actions giving rise to this Complaint would not have occurred. All Defendants executed their actions while motivated by the Plaintiffs' adverse political beliefs and because of their understanding the Plaintiffs were of competing political persuasions.

47. The above facts show that the Defendants', malicious, discriminatory, and retaliatory adverse employment actions mentioned above were carried out with malice, and with reckless disregard to Plaintiffs' constitutional rights and shock the conscience.

48. In carrying out their actions the Defendant **ÁLVAREZ GONZÁLEZ** intentionally disregarded the not only clear unambiguous law but longstanding and consistent case law from virtually every court in the United States, which repeatedly and consistently proscribe politically-motivated adverse employment actions against government employees who hold positions for which political affiliation is not an appropriate requirement, such as those the Plaintiffs held.

49. The discriminatory and retaliatory political motive behind the adverse employment actions at issue may be also discerned by Defendants' hiring and firing practices.

### V. CAUSES OF ACTION

I.      FOURTENTH AMENDMENT DUE PROCESS

50. Plaintiff incorporates by reference all previous paragraphs in this Complaint.

51. The Due Process Clause prohibits state and local governments from depriving persons of life, liberty, or property without a fair procedure. The Supreme Court has ruled this clause makes most of the Bill of Rights as applicable to the states as it is to the federal government, as well as to recognize substantive and procedural requirements that state laws must satisfy. The Equal Protection Clause requires each state to provide equal protection under the law to all people, including all non-citizens, within its jurisdiction. [13]

52. Government officials must to follow fair procedures before depriving a person of life, liberty, or property. When the government seeks to deprive a person of one of those interests, procedural due process requires at least for the government to afford the person notice, an opportunity to be heard, and a decision made by a neutral decision maker. Procedural due process is required by the Due Process Clauses of the Fifth and Fourteenth Amendments to the US Constitution.

---

[13] **Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**Section 2.** Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

**Section 3.** No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may, by a vote of two-thirds of each House, remove such disability.

**Section 4.** The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

**Section 5.** The Congress shall have power to enforce, by appropriate legislation, the provisions of this article. [1]

53. In the case at hand, Defendants had to provide Plaintiff **COLÓN GONZÁLEZ** the due process safeguards established by the law and regulations to terminate his appointment as Secretary of the Municipal Legislature.  What Defendants have done to Plaintiff here, subjecting an individual to terminations of his employment, constitutes an actionable adverse employment action protected by the Fourteenth Amendment.

II. FIRST AMENDMENT VIOLATIONS (POLITICAL DISCRIMINATION AND RETALIATION)

54. Plaintiff incorporates by reference all previous paragraphs in this Complaint.

55. It is clearly established that the First Amendment of the United States Constitution guarantees the right to freedom of speech, the right to freedom of expression, the right to freedom of association, the right to assemble and to petition the Government for redress, the right to vote and the right to affiliate with a political party of one's choosing. Applicable case law is as clear as it is consistent on this score.

56.  It is also well established that government bodies or officials, or individuals acting under color of state law and/or whose acts constitute state action, are forbidden by the First Amendment from discriminating, retaliating, abusing their authority, or taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment. Similarly, the First Amendment protects public employees from discrimination, retaliation, being subjected to abuses of authority, or suffering adverse employment actions in response for engaging in political activity unless political loyalty is an appropriate requirement of the employment.

-23-

57. As Defendants have done to Plaintiff here, subjecting him to deprivation of duties and pay and in the alternative, illegal termination, or cancelation of his employment contract, refusal to rehire or recall, constitutes actionable adverse employment actions protected by the First Amendment.

58. Political activity, affiliation, beliefs and the right to vote are also matters of public concern.

59. It is clear that the Plaintiffs' First Amendment speech and activities were a substantial or motivating factor in the adverse employment actions complained of herein.  By subjecting Plaintiffs to adverse employment actions and/or retaliating against them on the basis of political affiliation, and/or for engaging in political activity, Defendants deprived Plaintiffs of their First Amendment Rights.

60. Defendants' actions have caused a chilling effect on Plaintiffs' First Amendment rights and their exercise of First Amendment protected activity.

III. VIOLATIONS TO CONSTITUTION AND LAWS OF THE COMMONWEALTH OF PUERTO RICO

61. Plaintiffs incorporate by reference all previous paragraphs in this Complaint.

62. Defendants' actions also constitute a violation of Plaintiffs' rights secured by Article II, Sections 1, 2, 4, 6 and 7 of the Puerto Rico Constitution.

63. Defendants' actions also constitute violations of Article 1802 and 1803 of the Civil Code, §5141-5142 of Title 31.

64. Defendants' actions also constitute violations of Law 100, of June 30, 1959, 29 LPRA 146 as amended by Law No. 105 of December 20, 1991.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff request the following relief, jointly and severally against all Defendants:

    a.   That this Court determine and declare that the actions by all Defendants were in violation of the Constitution and laws of the United States and of Puerto Rico.

    b.   Compensatory damages and punitive damages in excess of $500,000.00, comprised of the following amounts:

    c.   An amount in excess of $100,000 for Plaintiff, in compensatory damages for the harm done to him due to the actions taken by Defendants against him;

    d.   Punitive damages in excess of $400,000 for Plaintiff, due to the malicious and wanton nature of the violations alleged herein.

    e.   Equitable relief in the form of a permanent injunction ordering Defendants to reinstate Plaintiffs to their positions, with all corresponding privileges and benefits, and ordering Defendants to refrain from further engaging in adverse employment action on the basis of political affiliations and beliefs.

    f.   Attorneys' fees, costs and litigation expenses incurred in connection to this action pursuant to, inter alia, 42 U.S.C. §1988, and other applicable statutes.

    g.   All applicable interests, including pre- and post- judgment interest.

    h.   Jury Trial is demanded.

    i.   That the Court retain jurisdiction over this action in order to ensure compliance with any decree issued by this court;

    j.   Any such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 23nd day of May, 2019.

Attorneys for Plaintiffs

/S/ Miguel A Verdiales                             ./S/ Rafael Machargo

<table>
<tr><td>Miguel A Verdiales Morales, Esq.</td><td>Rafael Machargo Maldonado, Esq.</td></tr>
<tr><td>USDCPR-124702</td><td>USDCPR-206504</td></tr>
<tr><td>PO Box 366456</td><td>PO Box 193005</td></tr>
<tr><td>San Juan, PR 00919-3005</td><td>San Juan PR 00919-3005</td></tr>
<tr><td>787-550-4067</td><td>787-691-7809</td></tr>
<tr><td>verdialeslaw@gmail.com</td><td>machargolaw@gmail.com</td></tr>
</table>